UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMANDO DELAROSA, | Case No. 3:25-cv-00749-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| DEBRAH BORGAS, | |
| Respondent. | |

Pro se Petitioner Armando Delarosa commenced this federal habeas action by filing a motion for leave to proceed *in forma pauperis*. (ECF No. 1 ("IFP Motion").) Based on Delarosa's Financial Certificate, the Court found that good cause existed to grant the IFP Motion. (ECF No. 5.) The Court then ordered Delarosa to file a federal habeas petition. (*Id*.) Delarosa timely complied, filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and moving for the appointment of counsel. (ECF No. 6 ("Petition").) Following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court directs service of the Petition and appoints counsel.

I.    BACKGROUND[1]

Delarosa challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Armando Delarosa*, C-18-330079-1. On April 25, 2019, the state court entered a judgment of conviction, pursuant to a guilty plea, convicting Delarosa of two counts with lewdness with a child under the age of 14. Delarosa was sentenced to two concurrent sentences of life with the possibility of parole

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court for the State of Nevada (https://perma.cc/Y5GT-CXTV) and Nevada appellate courts (https://perma.cc/8Z7K-G6GZ).

after 10 years. Delarosa appealed, and the Nevada Court of Appeals affirmed on May 11, 2020. *Armando Delarosa, Jr. v. State of Nevada*, No. 78803-COA. Remittitur issued on June 5, 2020.

Delarosa filed a state habeas petition on June 7, 2021. *Armando Delarosa v. State of Nevada*, A-21-835852-W. The state court dismissed Delarosa's state habeas petition as untimely on July 22, 2022. Delarosa appealed, and the Nevada Court of Appeals reversed on July 12, 2023. *Armando Delarosa, Jr. v. State of Nevada*, No. 85232-COA. Following the remand, the state court denied Delarosa's state habeas petition on September 25, 2024. Delarosa appealed, and the Nevada Court of Appeals affirmed on September 29, 2025. *Armando Delarosa v. State of Nevada*, No. 89428-COA. Remittitur issued on October 20, 2025.

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court finds that service is warranted in the instant case.[2]

The Court now turns to Delarosa's request for counsel. (ECF No. 6 at 10-11.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent

---

[2]The Court notes that Delarosa's AEDPA deadline for filing his federal habeas petition would have expired on or about December 23, 2025. However, because Delarosa's deadline to file a Writ of Certiorari following the affirmation of his judgment of conviction was extended from 90 days to 150 days due to COVID, the Court notes, without deciding, that Delarosa's AEDPA deadline expires on or about February 23, 2026.

petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court provisionally appoints the Federal Public Defender to represent Delarosa. The Court finds that the appointment of counsel is in the interests of justice given, among other things, the fact that the victim recanted her allegations against Delarosa. (ECF No. 6 at 13, 15, 20-21.)

### III. CONCLUSION

It is therefore ordered that the Clerk of Court add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, and electronically provide Respondents' counsel a copy of the Petition (ECF No. 6), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing.

The Clerk of Court is further directed to send a copy of this Order and the Petition (ECF No. 6) to the Federal Public Defender and send a copy of this Order to Delarosa and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 14 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Delarosa by filing a notice of appearance or (2) indicate the office's inability to represent Delarosa in these proceedings. If the Federal Public Defender is unable to represent Delarosa, the Court will appoint alternate counsel. Appointed counsel will represent Delarosa in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless

1  allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other
2  relief will be set after counsel has entered an appearance.
3       It is further ordered that any deadline established and/or any extension thereof will
4  not signify any implied finding of a basis for tolling during the time period established.
5  Delarosa remains responsible for calculating the running of the federal limitation period
6  and timely presenting claims. That is, by setting a deadline to amend the Petition and/or
7  by granting any extension thereof, the Court makes no finding or representation that the
8  Petition, any amendments thereto, and/or any claims contained therein are not subject to
9  dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).
10      DATED THIS 12th Day of January 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE